## REIMANN CONSTRUCTION CO., INC., v. GLUCK'S RESTAURANT CORP., INC.

———

(November 30, 1931. Opinion and Decree.)

———

Solomon S. Goldman, of New Orleans, attorney for plaintiff, appellant.

Lazarus, Weil & Lazarus, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Reimann Construction Company, Inc., general contractors, formerly operating under the name G. E. & E. E. Reimann Company, Ltd., claim from Gluck's Restaurant Corporation, Inc., $1,206.98, with interest, etc., alleging that amount to be the balance due under a contract for the making of certain alterations and additions to buildings occupied by the restaurant corporation. Defendant, having admitted an indebtedness of $370.97, deposited that sum in the registry of the Civil District Court.

From a judgment rejecting plaintiff's demand for any amount in excess of the deposit, plaintiff has appealed.

In argument and brief in this court counsel for plaintiff-appellant concedes that the record does not sustain a portion of his client's claim and now contends only for the following items in addition to the $370.97 deposited by defendant and already withdrawn by plaintiff from the registry of the court:

Electric power and equipment
  furnished the tile contractor..$25.00
Electric power and equipment
  furnished the painting con-
tractor _____ 20.00
Cleaning and hauling out refuse from work of tile and
  marble contractors _____ 66.99
Use of elevator for hauling
  trash left by tile contractor.... 8.75 $120.74

Interest on last contract payment, which was made in twelve monthly installments, instead of immediately upon issuance of architect's certificate _____ 317.80

$438.54

The claim for $120.74 is alleged to have arisen in the following manner:

In addition to the contract with plaintiff, the restaurant corporation employed a painting contractor and a tile contractor on a so-called cost-plus basis; that is to say, each special contractor was to do the work for which he was employed, keep an account of the cost thereof, and bill the restaurant corporation actual cost, plus a percentage for the profit of the special contractor. In doing their work these special contractors called upon plaintiff for electrical power and equipment, such as lights, elevators, et cetera. Plaintiff, the general contractor, for its own use, had installed an electric meter and elevator, which had been used by the special contractors, with the result that the work done by these special contractors had cost the restaurant corporation less than it would have cost had they been required to install their own electrical equipment; that these special contractors also left debris and trash, which was removed in the elevator furnished by plaintiff; that therefore, since defendant benefited by the use of the electrical equipment of plaintiff, payment therefor should be made.

The charge for interest is based on the allegation that the contract provided that the amount shown to be due in each archi-

tect's certificate should be paid upon the issuance of the certificate and that the final certificate was not so paid, defendant having been allowed to pay same in twelve monthly installments; that the interest due as a result of paying the said sum in monthly installments, instead of immediately, amounted to $317.80.

The entire controversy depends for its solution upon questions of fact. Defendant maintains that on September 29, 1927, after all of the items in controversy had been incurred, there was a conference at which were present Mr. Gluck, representing defendant corporation; Mr. Kohlman, the architect, under whose supervision the work was being performed, and Mr. Reimann, representing plaintiff, and that at this conference the architect considered all claims for extras and all other contentions between the parties, and thereafter issued his final certificate, under which the sum of $5,220.97 was shown to be due to plaintiff; that there was still a balance of $1,000 due on a previous certificate, so that the total amount finally due was $6,220.97; that the final certificate included $3,126.97 for extras and that the identical extra items here involved were presented to the architect for consideration and were disallowed by him when he issued the said certificate; that plaintiff accepted the said certificate and agreed then that the balance shown to be due by the said two certificates might be paid at $500 per month, without interest; that all said monthly payments have been punctually made by defendant and accepted by plaintiff, and that no further sum is due.

Plaintiff denies that the conference of September 29, 1927, was final and contends that at that conference there was had a mere preliminary discussion, it being the intention of the parties to meet later and to come to a final understanding. A careful examination of the record and of the architect's working memoranda shows conclusively that the items which are now claimed by plaintiff were considered and discussed at that meeting and that the certificate which was issued by the architect was only issued after a full consideration of the said items. That certificate was accepted by plaintiff and he cannot now be heard to again claim items which were disallowed by the architect before the issuance of the said certificate.

While the evidence with regard to the agreement by plaintiff to accept the payments in installments without interest is not so conclusive as that with regard to the disallowance of the items for extras, nevertheless we believe that it preponderates in favor of defendant. If it was intended that interest was to be paid, it is probable that, with each monthly installment of $500, interest would also have been included, and that, if plaintiff intended that interest was to be paid, some claim therefor would have been made prior to the acceptance of twelve monthly payments. It should also be remembered that the work had been considerably delayed, that under the contract demurrage for delay was provided for, and that it would have been perfectly reasonable for the parties, under such circumstances, to have terminated their entire differences in just such a manner as we find here.

The record is voluminous and, apparently, was given very careful consideration by His Honor below, and we are well convinced that the judgment rendered is correct. At any rate it is not manifestly erroneous and, since only questions of fact are involved, it is ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed.